PETER JERNEE, PLAINTIFF IN ERROR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MONMOUTH, DEFENDANT IN ERROR.

1. The act of March 15th, 1860 (*Rev.*, p. 86, § 9), which declares that when a township or county, which is chargeable by law with the erection, rebuilding or repair of any bridge, shall wrongfully neglect to erect, rebuild or repair the same, by reason whereof any person or persons shall receive injury or damage in his or their person or property, such person or persons may have his or their action against such municipal body, gives an action where, of right, there is dependence upon the bridge for the full and safe performance of its appropriate functions.

2. The owner of a mill dam, upon which the abutments of a bridge rest, has no right to depend upon such abutments to maintain his dam so that it will retain water, and he therefore has no right of action against the freeholders of a county because his mill was injured by water passing through a defectively constructed abutment of such a bridge.

3. *Ripley* v. *The Freeholders of Essex and Hudson Counties*, 11 *Vroom* 45, approved.

---

On error to the Supreme Court.

For the plaintiff in error, *F. P. McDermott* and *W. T. Hoffman.*

For the defendant in error, *J. C. Conover* and *E. W. Arrowsmith.*

The opinion of the court was delivered by

THE CHANCELLOR. The plaintiff in error brought suit against the board of chosen freeholders of Monmouth. county

to recover damages for injury done to his grist and saw mill, by water breaking through the southerly abutment of a bridge over the water ways from his mill dam.

A public highway had been constructed across the mill dam,. and a bridge had been maintained by the county authorities, over the water ways, for more than half a century. In 1875 the bridge was rebuilt, and, then, the side of the southerly abutment, which faced the mill pond, was planked inside of upright posts in order to keep the water from washing away the approach to the bridge. Behind the planking earth was filled in and solidly packed. In 1887, during an unusual storm, the water worked in behind or through the planking upon the abutment, washed away the earth in the approach to the bridge which supported the planking, and forced several of the planks off, thus making a vent for the water of the mill pond, which ran out against the plaintiff's mill and did the injury complained of. The bridge proper, however, was not injured, and the abutment or approach continued to afford a safe means of access to it. It was shown that the planks had not been securely fastened to the upright posts so as to prevent the water from getting through them, and so as to enable them to resist the water after the earth behind them had been washed away, and it was claimed that the failure to more effectively fasten them to the posts was a neglect to build and repair the bridge, within the meaning of the ninth section of the act respecting bridges (*Rev.*, p. 86), and that, therefore,. the plaintiff has his action against the defendant for the injury he has suffered.

The duty of the defendant to maintain the bridge was not. denied.

At the trial of the case a non-suit was moved for upon three grounds:

1. Because no responsibility for the injury complained of attached to the defendants.

2. Because there was not sufficient proof of negligence on the part of the defendant in the construction of the bridge..

3. Because of contributory negligence on the part of the plaintiff.

The motion was granted, and the court's action upon that motion is now assigned as error.

It is well settled that, in absence of statutory authority therefor, an action will not lie against a public corporation by an individual who has sustained special damage by reason of the neglect of such corporation to perform a public duty. *Freeholders of Sussex County* v. *Strader*, 3 *Harr.* 108 ; *Cooley* v. *Freeholders of Essex County*, 3 *Dutcher* 415 ; *Livermore* v. *Freeholders of Camden County*, 5 *Id.* 245 ; *S. C. on error*, 2 *Vroom* 507 ; *Pray* v. *Mayor, &c., of Jersey City*, 3 *Id.* 394 ; *Marvin Safe Co.* v. *Ward*, 17 *Id.* 19 ; *Condict* v. *Jersey City*, *Id.* 157 ; *Little* v. *Dusenberry*, *Id.* 614 ; *Wild* v. *Paterson*, 18 *Id.* 406 ; *Vorrath* v. *Hoboken*, 20 *Id.* 285 ; *Jersey City* v. *Kiernan*, 21 *Id.* 246.

Recognizing this rule, the plaintiff grounds his action upon the ninth section of the act concerning bridges, above referred to, which declares that in all cases where the board of chosen freeholders of a county are chargeable by law with the erection, rebuilding or repair of any bridge, and shall wrongfully neglect to erect, rebuild or repair the same by reason whereof any person or persons shall receive injury or damage in his or their person or property, he or they may bring his or their action, &c.

It is apparent that the material question presented is, whether this statute will support the present action.

The injury of which the plaintiff complains did not occur in his use of the bridge as one of the public, but in his reliance upon a portion of it, the southerly abutment, to keep back the waters of his mill pond. Notwithstanding the fact that he was injured in his property by the water which passed through the abutment, the bridge continued to fulfill all the purposes for which the law required it to be constructed.

In construing the act of 1860, upon which the right of action in this case is claimed to rest, it will be of utility and proper to refer to the statutory law as it stood prior to that

-enactment, for, as has been seen, no right of action against the freeholders for their neglect existed independently of statute. In 1859, by the twenty-first section of a supplement to the Road law (*Pamph. L., p.* 633; *Rev., p.* 1017, § 21) it was provided, that if any damage should happen to any person or persons, his, her or their team, carriage or other property, by means of the insufficiency or want of repair of any bridge upon any public road, such person or persons might have action therefor against the freeholders, &c.

In *Livermore* v. *Freeholders of Camden County,* 5 *Dutcher* 245; *S. C. on error,* 2 *Vroom* 507, where the action, grounded upon the act of 1859, was for consequential injury, by the fall of a county bridge across a mill dam, upon the dam and sluice gates, *per quod* the dam and gates were broken down, it was held that the action permitted by that statute was limited to one brought for injury received in the use of the bridge as a passageway, and that it could not be maintained for damage caused by the falling of the bridge upon property beneath it. This construction of the law of 1859 was not had until after the passage of the act of 1860, but it is to be assumed that the lawmakers appreciated the limited extent of the act of 1859 at the time of the later enactment. At all events, the latter act is more liberal and comprehensive in its terms, both in reference to the property damaged, for it contains no restrictive specification of the character of the property intended, but also in reference to the neglects which may occasion liability, for it couples with neglect to repair, neglect to erect and rebuild. But the law fails to expressly limit the liability for neglects, and the precise questions now to be determined are, what that limit is, and whether the plaintiff's case is within it.

In the Supreme Court, in *Ripley* v. *The Freeholders of Essex and Hudson Counties,* 11 *Vroom* 45, an action was brought for damage to the plaintiff's vessel, by its coming in collision with an unrepaired draw of a bridge over the Passaic river which the defendants were bound to maintain, and Mr. Justice Depue, in pronouncing the opinion of the court, said of the

limit of liability: "The act of 1860 is a remedial statute. It should be construed to give a remedy by action for all injuries to persons or property, for the safety of which the duty of building, rebuilding or repairing the particular bridge is by law cast upon the municipal body, where the damages result directly from neglect in the performance of such duty." In other words, where the municipal body is bound by law to build, rebuild and repair a bridge, with view to the safety of certain persons and property, and it shall neglect to perform the duty thus required of it and damage shall result directly to those persons or that property, it may be sued. And it was in that case held that one purpose of the bridge there in question was, by means of a draw, to afford a safe passage through the bridge for vessels navigating the Passaic river, and it was considered that, as the bridge crossed a navigable stream and was bound to maintain a draw, it owed a duty to the persons and property passing through it upon the water, as well as to the persons and property passing over it. The decision in that case is approved. It is quite obvious that the legislative intent was to give a remedy for injury only where of right there is dependence upon the bridge for the full and safe performance of its appropriate functions. The persons and property intended by the act may therefore be designated as the persons and property to whom and to which the bridge, involved in a given case, owes a duty. In the case of Ripley *v.* The Freeholders of Essex and Hudson Counties, the bridge owed the duty of providing a sufficient draw for safe passage. In the case considered, it is not perceived that the bridge was under any obligation to protect either the plaintiff's mill or his dam from injury by water in the mill pond. The bridge merely rested upon the dam, and in the performance of its duty, in providing a safe passage, it was only incidentally obliged to maintain the dam, not for the purpose of keeping the water in, but far enough to secure its own stability. The dam belonged to the mill owner, and he was charged with its preservation for his own purposes. It is clear that he had no legal right to rely upon its incidental

preservation for the bridge's purposes for the protection of his mill from the water which was behind it. It follows, then, that his action must fail, because the bridge did not owe him a duty respecting the subject matter of his suit.

The non-suit was properly ordered, and the judgment below will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, REED, VAN SYCKEL, CLEMENT, COLE, SMITH, WHITAKER.    11.

*For reversal*—None.